**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Jesus Antonio Burgos-Lopez,<br><br>　　　　　Defendant. | No. CR-25-01394-001-PHX-SHD<br><br>**ORDER** |

On January 6, 2026, the Court held the Final Pretrial Conference. For the reasons stated on the record and below,

**IT IS ORDERED** granting the parties' request to invoke Fed. R. Evid. 615(a). Witnesses shall be excluded from the courtroom during other witness's testimony unless they are exempted from exclusion by Rule 615(a)(1)–(4).

**IT IS FURTHER ORDERED** acknowledging that Defendant has waived his presence at side bar for the duration of trial.

**IT IS FURTHER ORDERED** striking Jurors 107, 169, 180, 170, 184, 189, 213, 232, 236, 238, 245, 250, 262, 288, 311, 312, 327, 360 for cause.

**IT IS FURTHER ORDERED** striking Jurors 168, 298 for hardship.

**IT IS FURTHER ORDERED** striking Juror 167 for cause and hardship.

**IT IS FURTHER ORDERED** striking all Jurors who did not respond to the Juror Questionnaire.

**IT IS FURTHER ORDERED** granting the unopposed First Motion in Limine to

Admit Certified Records, (Doc. 37). The following certified records will be admitted without requiring live testimony by records custodians:

1. Certified Form I-213, dated September 27, 2025
2. Certified Form I-294, dated September 27, 2025
3. Certified Booking Photos, dated September 27, 2025
4. Certified Form I-213, dated September 23, 2020
5. Certified Form I-860, dated September 23, 2020
6. Certified Form I-867A, dated September 23, 2020
7. Certified Form I-867B, dated September 23, 2020
8. Certified Form I-296, dated September 24, 2020
9. Certified Form FD-249 Fingerprint Card, dated September 23, 2020
10. Certified Form FD-249 Fingerprint Card, dated September 27, 2025

**IT IS FURTHER ORDERED** granting the unopposed Motion in Limine to Prohibit Defendant from Challenging the Lawfulness of the Removal Order, (Doc. 38). Defendant is precluded from challenging the lawfulness of the September 2020 removal order and introducing evidence or argument in that regard at trial.

**IT IS FURTHER ORDERED** granting the unopposed Third Motion in Limine to Admit Mexican Birth Certificate, (Doc. 39). The Government may admit the Defendant's Mexican birth certificate without requiring live testimony by records custodians.

**IT IS FURTHER ORDERED** granting in part and denying in part the Fourth Motion in Limine to Exclude Irrelevant Evidence, (Doc. 40). The motion is granted as to sections II(b) and (c), which Defendant does not oppose. Accordingly, Defendant is precluded from offering evidence or testimony regarding his wife's legal status. The probative value of this evidence is marginal because Defendant has not gained lawful status through his wife. The evidence's marginal probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time.

Defendant is also precluded from offering evidence or testimony regarding his prior Deferred Action for Childhood Arrivals ("DACA") acceptance. The evidence is not

1  relevant, and its probative value is substantially outweighed by the danger of unfair
2  prejudice, confusing the issues, misleading the jury, and wasting time.  If Defendant
3  nevertheless refers to his prior DACA acceptance or uses the terms "DACA" or
4  "DREAMer," the government may introduce evidence of Defendant's criminal history.

5  　　　The motion is denied as to section II(a), which seeks to preclude testimony about
6  Burgos-Lopez's reasons for reentering, including testimony about the fact that he lived,
7  was educated in, and/or has friends and family in the US.  (Doc. 40 at 3.)  As structured,
8  this request is overly broad.  The Government may raise objections to specific evidence as
9  they arise at trial.

10  　　　**IT IS FURTHER ORDERED** granting in part and denying in part Defendant's
11  Motion in Limine to Preclude 404(b) Evidence, (Doc. 35).  The motion is granted in part
12  as to the unopposed request not to adduce evidence concerning the underlying
13  circumstances of Defendant's arrest in September 2025 for Aggravated Driving Under the
14  Influence or the physical fight Defendant had with his neighbor that precipitated the DUI
15  investigation.  Such evidence would violate Rule 403 because any probative value is
16  substantially outweighed by the risk of unfair prejudice to the defendants, and further, it is
17  improper other-acts evidence.

18  　　　The motion is denied in part as to the request to prohibit any testimony from a Mesa
19  Police Department officer.  (Doc. 35 at 3.)  The government has the burden of establishing,
20  among other elements, that the Defendant voluntarily entered, knowingly remained, and
21  was free from observation or restraint while present in the United States.  It may do so
22  through the testimony of a Mesa Police Department Officer.

23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

**IT IS FINALLY ORDERED** that the parties shall submit simultaneous supplemental briefing by **5:00pm on Wednesday, January 7, 2026,** regarding the adequacy of the Government's Supplemental Notices of Intent to Introduce Fingerprint Expert, (Docs. 36, 41). Supplemental briefing shall focus on whether the Supplemental Notice provided "the bases and reasons" for the Expert's opinions. Fed. R. Crim. P. 16(a)(1)(G)(iii).

Dated this 6th day of January, 2026.

_____
Honorable Sharad H. Desai
United States District Judge