**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Jesus Antonio Burgos-Lopez,<br><br>　　　　Defendant. | No. CR-25-01394-001-PHX-SHD<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Exclude Expert Testimony and Objection to Government's Expert Notice. (Doc. 33.) The Government responded, (Doc. 43), and, at the direction of the Court, the parties submitted supplemental briefing, (Docs. 55, 57). For the reasons stated below, the motion will be **granted**.

I.　**Legal Standard**

Defendant Jesus Antonio Burgos-Lopez ("Burgos") argues that the Government[1] has failed to comply with Federal Rule of Criminal Procedure Rule 16(a). Under that Rule, the government must, at a defendant's request, disclose any expert testimony that it intends to offer at trial. Fed. R. Crim. P. 16(a)(1)(G). The government's disclosure must be timely—that is, submitted "sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence"—and it must include "a complete statement of all opinions that the government will elicit from the witness," as well as "the bases and

---

[1] The Court capitalizes "Government" when referring to the executive branch as a party in this case and does not capitalize "government" when referring to the executive branch generally.

reasons" for those opinions. *Id.*

If the government fails to timely supply adequate notice, district courts may "(A) order [the government] to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions; (B) grant a continuance; (C) prohibit [the government] from introducing the undisclosed evidence; or (D) enter any other order that is just under the circumstances." Fed. R. Crim. P. 16(d)(2). In determining appropriate sanctions, courts consider several factors, including (1) the reasons for the government's failure to disclose, (2) the prejudice to the defendant, and (3) the feasibility of curing any prejudice by continuance or other means. *See United States v. Mendoza-Paz*, 286 F.3d 1104, 1111–12 (9th Cir. 2002) (balancing the government's diligence against prejudice to the defendant); *United States v. Frazer*, 2014 WL 12677065, at *1 (D. Ariz. 2014) (ordering immediate supplementation to remedy any prejudice under Rule 16(b), the mirror provision for a defendant's disclosures); *see also United States v. Wicker*, 848 F.2d 1059, 1061 (10th Cir. 1988).

II. **Discussion**

A. **The Government's Initial Notice**

The parties' expert disclosures were due on December 2, 2025. (Doc. 21 at 2.) On November 26, 2025, six days before the deadline, the Government filed a Notice of Intent to Introduce Fingerprint Testimony. (Doc. 22.) The Notice stated that the Government intended "to offer the expert opinion of United States Customs and Border Protection ("CBP") Physical Scientist Marie Yochum in conducting examinations of fingerprints." (*Id.* at 1.) The Government provided Yochum's qualifications and stated that Yochum would testify that "friction ridge skin," (a fingerprint) is a "complex, unique, and persistent morphological structure" often used for identification. (*Id.*) The Notice then described "a process called ACE-V" or "Analysis, Comparison, Evaluation, and Verification," which fingerprint examiners use to analyze and compare fingerprints, and asserted that the Government intended to "take Defendant's fingerprints at the final pre-trial conference" and that Yochum would then "examine, analyze and compare those fingerprints with three

to four sets of fingerprints . . . taken from Defendant by immigration officials." (*Id.* at 2–3.)  After conducting her analysis, Yochum would "testify that she followed the ACE-V process to form her opinions and interpretations, and that the process is accepted as reliable in the relevant scientific community." (*Id.* at 3.)

The Government acknowledges that its Notice did not "provide Expert Witness Yochum's specific conclusions or opinions because she had not yet performed her examination of Defendant's fingerprints." (Doc. 43 at 2.)  It nonetheless maintains that because the Notice stated what Yochum *might* testify to, it satisfied Rule 16. (*See id.*)  But it does not cite to any case supporting the proposition that it satisfies its Rule 16 obligations by providing a hypothetical range of conclusions that may or may not be reached by an expert based on a vaguely-identified data set.  (*See id.* (stating that Yochum will reach one of three possible conclusions by comparing "three or four fingerprints" with the Burgos's fingerprints, which the Government had not yet sought to compel).)  And the Court did not find any cases to support this proposition in its independent research.  In any event, such a proposition is inconsistent with the plain language of Rule 16, which requires "a complete statement of all opinions" the expert will provide at trial.  Fed. R. Crim. P. 16(a)(1)(G).  The Government's initial Notice did not provide Burgos any of Yochum's opinions, let alone the "bases and reasons for them," and thus, did not comply with Rule 16(a)(1)(G)'s disclosure requirements.

### B. **The Government's Supplemental Notice**

On December 15, 2025, nearly two weeks after the expert disclosure deadline, the Government sent Defense Counsel an unsigned "initial report," (Doc. 55 at 3), which included a summary of some of Yochum's opinions, (Doc. 33 at 2).  Two days later, on December 17, the Government supplied a "full report." (*Id.* at 3–4.)  This report was filed with the Court on December 22 and 29, 2025, as an exhibit to the Government's Supplemental Notice and Amended Supplemental Notice.[2]  (Docs. 36, 41.)  The

---

[2] The Government's Amended Supplemental Notice supplied Yochum's signature, which was absent from the Supplemental Notice, but otherwise the filings are the same.

Government argues that because it supplemented its initial notice with Yochum's reports as they became available, it satisfied its obligations under Rule 16. (Doc. 33 at 2–4.) But the Government's Supplemental Notice and Yochum's report also fail to provide a "complete statement" of Yochum's opinions and "the bases and reasons for them." Fed. R. Crim. P. 16(a)(1)(G)(iii).

As with the initial Notice, the Supplemental Notice provided Yochum's qualifications and described the ACE-V methodology. (Doc. 41 at 2–5.) And like the initial Notice, the Supplemental Notice includes the general statement that Yochum's opinions will be based on her "personal examination of the fingerprints" and her "training, education, experience, and expertise." (*Id.* at 4.) The Supplemental Notice supplies some, but not all, of Yochum's conclusions. It states that Yochum "examined and analyzed four record fingerprint images from different forms associated with the defendant" and "that three out of the four fingerprints belong to the same individual," while the fourth fingerprint "was not suitable for comparison." (*Id.* at 3.) Finally, the Supplemental Notice attached Yochum's report, which identifies the fingerprints Yochum analyzed, and states that those that were suitable for comparison, "were compared and identified as being made by the same source." (*Id.* at 15.)

The Government's Supplemental Notice is inadequate under Rule 16(a)(1)(G)(iii) because it fails to provide "a complete statement of all of the opinions [it] intend[s] to elicit" from Yochum, and "the bases and reasons for" those opinions. The Government took Burgos's fingerprints at the Final Pretrial Conference on January 6, 2026, but could not say when Yochum's analysis and conclusions based on those fingerprints would be available, estimating that it could be up to a week, which would make the report available the morning of trial.[3] Thus, to date, Burgos has not received "a complete statement of *all*

---

The Court cites only to the Amended Supplemental Notice but will refer to the supplemental notices collectively as the "Supplemental Notice" for simplicity.

[3] The Court granted the Government's Motion to Compel Fingerprinting on January 2, 2026, and ordered Burgos to submit to fingerprinting at the Final Pretrial Conference. (Doc. 51). The Court made clear, however, that it reserved ruling on Burgos's motion to exclude Yokum's testimony. (*Id.*)

- 4 -

opinions" the government intends to elicit from Yochum. *See* Fed. R. Crim. P. 16(a)(1)(G)(ii) (emphasis added).

Further, the Supplemental Notice fails to identify "the bases and reasons" for the opinions it does provide. The Government argues that its explanation of the ACE-V method satisfies Rule 16(a)(1)(G)(iii)'s "bases and reasons" requirement. (*See, e.g.*, Doc. 55 at 2.) The Ninth Circuit has not addressed this argument, and the Government cites no cases to support it,[4] but the Seventh Circuit has directly addressed this issue. In *United States v. Saunders*, that court held that "discuss[ing] the ACE-V method" does not equate to disclosure of "the bases and reasons" for an expert's opinions. 826 F.3d 363, 369 (7th Cir. 2016). The court further explained that "the ACE-V method is a process" and "is not the basis or reason for an expert's conclusion any more than the scientific method is the basis or reason for other scientific conclusions." *Id.* Rather, "the ACE-V method boils down to recognizing and categorizing distinctive features in prints and it is the *distinctiveness of these features*, rather than the ACE-V method itself, that enables fingerprint examiners to match fingerprints." *Id*. Thus, to satisfy the "bases and reasons" requirement of Rule 16, the Government must provide a fingerprint expert's explanation of the "points of comparison" she used to analyze the specific fingerprints at issue. *Id.* at 370.

The Government's Supplemental Notice itself does not provide any explanation for Yochum's conclusions beyond a general reference to the ACE-V method and Yochum's training and experience. Indeed, in the section titled "Bases and Reasons," the Government stated the following:

> Physical Scientist Yochum's opinions will be based on her personal examination of the fingerprints in four documents, including fingerprints taken from Defendant by immigration officials in connection with his

---

[4] The Government cites two district court cases in which similar disclosures were accepted. *See* Doc. 55 at 4 (citing *United States v. Valenzuela-Muro*, No. CR-25-01135-PHX-GMS, (D. Ariz. Sept. 15, 2025) (Doc. 25) and *United States v. Villanueva-Brown*, No. CR-25-00285-PHX-SMB (D. Ariz. Mar. 12, 2025) (Doc. 21)). The defendant did not challenge the adequacy of the Government's Rule 16 disclosure in either case cited, so the court did not address the question. The cases are therefore unpersuasive.

>expedited removal, considering her training, education, experience, and expertise as a Certified Latent Print Examiner (as outlined in Exhibit 1).

(Doc. 41 at 4.) This is plainly insufficient.

Yochum's report, attached as Exhibit 2 to the Supplemental Notice, does not cure this insufficiency because it sets forth only a single, bare-boned, paragraph generically explaining her conclusions:

>The identification conclusion is based on the examiner's opinion that there is sufficient quality and quantity of corresponding friction ridge detail in agreement to conclude that two impressions originated from the same source, and such that the same arrangement of details is not expected to be observed in two impressions that came from different sources.

(Doc. 41 at 15–16.) The thirteen words in this paragraph that ostensibly explain her analysis—"there is sufficient quality and quantity of corresponding friction ridge detail in agreement"—are themselves a conclusion masquerading as reasoning, and thus is insufficient. And while the report contains photographs of the fingerprints examined, one of which includes "colorful dots" which the Government asserts are Yochum's "notes," (Doc. 55 at 3), such unexplained markings are likewise insufficient to identify "the bases and reasons" for Yochum's opinions.

To summarize, the Government has disclosed Yochum's methodology (the ACE-V method) and her conclusions (that three of the four fingerprints belong to the same individual), but has not disclosed her analysis—that is, her application of the ACE-V method to the fingerprints in this case. This does not satisfy Rule 16(a)(1)(G)(iii)'s "bases and reasons" requirement. *See Saunders*, 826 F.3d at 370 (reasoning that specific identification of points of comparison is "a crucial, yet subjective, variable" in the ACE-V process, which "arguably makes the number of points and what those points are even more important").

The Government argues that because it has been diligent in obtaining Yochum's expert reports and has promptly supplemented its disclosures, it has satisfied the requirements of Rule 16(a)(1)(G). (Doc. 43 at 3.) Not so, given that the Supplemental

Disclosure is still deficient. But in any event, Rule 16(a)(1)(G)(vi)'s requirement that the Government "supplement or correct its disclosures" does not relieve the Government of its burden to provide a complete statement of the expert's opinions in the first instance. *See* Fed. R. Crim. P. 16 advisory committee's commentary to the 2022 Amendments (noting that Rule 16(a)(1)(G)(vi) was intended to ensure the Defendant would be promptly notified of "modifications" to expert testimony or "change in the identity of an expert"). If the Government were able to satisfy Rule 16 by promising to supply the requisite information as it became available, it could postpone its disclosure obligations indefinitely. Indeed, the Government could do precisely what it is attempting to do in this case: provide a plainly inadequate disclosure by the disclosure deadline, and then avoid any consequences for violating Rule 16 by stating that it will eventually (by the first day of trial) meet its obligations. This position is inconsistent with the purpose of Rule 16(a)(1)(G), which is to ensure the Defendant is aware of the Government's expert testimony "sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence."[5] Fed. R. Crim. P. 16(a)(1)(G)(ii).

In short, the Government violated Rule 16(a)(1)(G) when it failed to adequately disclose Yochum's expert testimony by the December 2, 2025 deadline. Its Amended Supplemental Notice did not remedy the Government's error; as discussed, it does not provide the information required by Rule 16(a)(1)(G)(iii). And the Government's promise to provide a more complete report at some point in the future—no matter how genuine— does not rectify its present Rule 16 violation, particularly where, as here, trial rapidly approaches.

---

[5] Prior to 2022, courts allowed the Government to produce its Rule 16 disclosures on the eve of trial. *See United States v. Taylor*, 467 Fed. App'x 670, 672 (9th Cir. 2012) (finding that notice by the government before trial and an expert's report given to defendant on the first day of trial was not prejudicial). But in 2022, the Federal Rules were amended to include a deadline for disclosure. The advisory committee specified that the new deadline requirement was necessary "to ensure enforceable deadlines that the prior provisions lacked" and to ensure the parties have "a fair opportunity for each party to meet the other side's evidence." Fed. R. Crim. P. 16 advisory committee's commentary to 2022 amendments. Last-minute disclosures of expert testimony are no longer permitted under Rule 16(a)(1)(G)(ii).

C. **Sanctions**

District courts have discretion to impose sanctions for Rule 16 violations and possess broad discretion to determine whether a continuance is warranted to remedy any prejudice to the defendant. *United States v. Burke*, 15 F.3d 1090 (9th Cir. 1994) (reviewing the district court's decision to deny a continuance and allow a fingerprint expert to testify for abuse of discretion); *Frazer*, 2014 WL 12677065 at *1 (finding inadequate disclosure under Rule 16 and then analyzing the appropriate sanction).

Defendant argues that the appropriate sanction is exclusion of Yochum's testimony. For the following reasons, the Court agrees.

### 1. The Government's Delay

While the Government has not exhibited bad faith, it has known that this case was likely to proceed to trial since mid-October 2025. (Doc. 57 at 1 n.1.) And the Government agreed that it could be prepared for trial—and, thus, meet its pretrial deadlines—at the hearing setting a firm trial date on November 21, 2025. (Doc. 19.) It is the Government's responsibility to marshal the necessary reports and evidence by the disclosure deadline. *See* Fed. R. Crim. P. 16(a)(1)(G)(ii). Rule 16 contemplates that the parties may encounter bureaucratic hurdles like those the Government asserts are responsible for its delay. *See* Fed. R. Crim. P. 16 advisory committee's commentary to 2022 amendments ("Deadlines should accommodate the time [it] may take" for the parties to secure expert witnesses). But the Government's disclosure deadlines are designed to ensure that defendants have time to navigate those same processes to secure experts of their own. *Id.* (noting that disclosure deadlines must occur sufficiently before trial to account for "the time an appointed attorney may need to secure funding to hire an expert witness" for rebuttal testimony). In the end, the Government still has not provided adequate Rule 16(a)(1)(G) notice. The deadline to do so passed over a month ago, and Burgos's trial begins in less than two business days. The Government's delay is significant.

### 2. Prejudice to the Defendant

Burgos asserts that he is prejudiced by the Government's inadequate notice because

1  it has deprived him of "a fair opportunity to prepare to cross-examine expert witnesses and
2  secure opposing expert testimony." (Doc. 57 at 2; *see also* Doc. 57 at 3 n.2 ("Burgos could
3  not feasibly engage a qualified expert during the time frame allotted . . . .").) The
4  Government argues that Burgos is not prejudiced because he (1) "has not alleged that he
5  indeed wishes to call another expert; he only complains that he did not have time to do so";
6  (2) could have retained his own fingerprint expert when he became aware that the
7  Government had fingerprints on file, and (3) declined a continuance. (Doc. 55 at 4–5.)

8        The Government's arguments miss the mark. First, Burgos contends, and the Court
9  agrees, that he *still* does not have the information necessary to (1) determine whether a
10 rebuttal fingerprint expert would be necessary or fruitful, and (2) provide the rebuttal expert
11 with sufficient information to prepare rebuttal testimony. Burgos cannot "allege that he
12 wishes to call another expert" because—due to the Government's deficient notice—he
13 lacks the requisite information to decide whether "he wishes to call another expert." (Doc.
14 55 at 4–5.)

15       Second, in addition to frustrating Burgos's ability to obtain a rebuttal expert, Burgos
16 also asserts that the Government's inadequate notice leaves him unable to properly cross-
17 examine Yochum. (Doc. 57 at 2.) This too, is a prejudice Rule 16(a)(1)(G)'s requirements
18 were designed to forestall. *See* Fed. R. Crim. P. 16 advisory committee's commentary to
19 2022 amendments (noting that the 2022 amendments were "intended to facilitate trial
20 preparation, allowing the parties a fair opportunity to prepare to cross-examine expert
21 witnesses and secure opposing expert testimony if needed"). "If a defendant does not have
22 the bases for the government's opinion, there is no way the defendant's counsel can
23 effectively cross-examine the expert." *United States v. Robinson*, 44 F. Supp. 2d 1345,
24 1347 (N.D. Ga. 1997)); *cf. United States v. Alahmedalabdaloklah*, 94 F.4th 782, 838–39
25 (9th Cir. 2024) (holding that the defendant was not prejudiced by the Government's Rule
26 16 violation where its untimely—but sufficient—disclosure "gave defense counsel a fair
27 opportunity to test the merits of [the expert's] opinions through focused cross-
28 examination").

Third, that Burgos could have retained an expert when he became aware the Government had fingerprints on file, (*see* Doc. 55 at 4 (explaining that the Government disclosed some of the analyzed fingerprints in September and October 2025)), does not remedy the prejudice of the Government's Rule 16 violation. "A defendant . . . is never required to introduce any evidence . . . and therefore . . . has a right to predicate a trial strategy solely on an attack of the opinion evidence offered by the government." *Robinson*, 44 F. Supp. 2d at 1347. Without notice of (1) Yokum's actual (not hypothetical) opinions, and (2) the bases and reasons for those opinions, Burgos remains unable to make informed decisions about whether he should invest limited resources in a rebuttal fingerprint expert or in some other trial strategy. That is precisely why the disclosure requirements of Rule 16(a)(1)(G)(iii) exist. Burgos has thus been prejudiced by the Government's Rule 16 violation, and his prejudice increases as trial approaches.

### 3. Feasibility of a Continuance or Other Remedy

Rule 16 violations can be remedied with case management strategies. *See Frazer*, 2014 WL 12677065 at *1 (requiring immediate production of adequate disclosure); *United States v. Tribby*, 990 F.2d 1265 (9th Cir. 1993) (holding that the district court's offer of a continuance to remedy the prejudice caused by a Rule 16 violation was not an abuse of discretion).

Here, immediate production of an adequate Rule 16 Notice will not remedy the prejudice to Burgos. The Government stated at the Final Pretrial Conference that it cannot guarantee Yochum's complete report will be available any sooner than the first day of trial. The Court thus doubts the Government's ability to obtain not only the pending report analyzing Burgos's fingerprints, but a corrected version of the existing report that includes the missing bases and reasons for her conclusions. In any event, even if the Government could produce the required disclosures today, Burgos would not have time to retain, let alone obtain an opinion from, an expert before trial.

The Government asserts that Burgos is not prejudiced because the Court offered a continuance, and Burgos declined. A continuance can be an effective remedy for a Rule

- 10 -

16 violation. But the Court is not required to order a continuance, even when doing so would remedy the prejudice to the defendant. *See Wicker*, 848 F.2d at 1061 ("On occasion the district court may need to suppress evidence that did not comply with discovery orders to maintain the integrity and schedule of the court even though the defendant may not be prejudiced."); *see also* Fed. R. Crim. P. 16(d)(2) (authorizing district courts to impose a range of sanctions for Rule 16 violations, including, but not limited to, a continuance).

Nor is the defendant required to request a continuance to remedy the Government's Rule 16 violation. Such a requirement would force Burgos to choose between two equally untenable positions: On one hand, Burgos could decline a continuance and risk forfeiting his challenge to the Government's Rule 16 violation while proceeding to trial unprepared. On the other, he could request a continuance and further delay his trial, unwillingly waiving time and his right to a speedy trial under the Sixth Amendment and the Speedy Trial Act, while also prolonging his detention. Such a dilemma is a Hobson's choice—which is to say, it is no choice at all.

Further, requiring a defendant to seek a continuance every time the Government fails to meet its Rule 16 obligations would render Rule 16's disclosure requirements meaningless. In that scenario, the Government could produce its Rule 16 disclosures whenever it wanted, in whatever form it wanted, and be rewarded for its noncompliance with the Federal Rules either by thwarting the defendant's ability to prepare for trial, or by being allowed more time to prepare. Such a result is incompatible with Rule 16. *Robinson*, 44 F. Supp. 2d at 1348 ("Failing to impose a sanction on this record would be to establish a precedent countenancing a disregard of discovery obligations which will assure either a snail like progression of the 800 felony cases filed in this court annually or a succession of trial in which the United States Department of Justice is allowed to flaunt the law it exists to support and defend.").[6] Because a lesser sanction would be insufficient to address the

---

[6] Indeed, the Government's argument would effectively rewrite Rule 16(d)(2) to eliminate subsection (C), which allows the exclusion of evidence, in favor of subsection (B), which allows the granting of a continuance. Neither the Government nor this Court has the authority to rewrite the Federal Rules of Criminal Procedure.

Government's violation of Rule 16 and to remedy the prejudice Burgos has suffered, and continues to suffer, Burgos's motion to exclude the expert testimony of Marie Yochum will be granted.

Accordingly,

**IT IS ORDERED** granting the Motion to Exclude Expert Testimony, (Doc. 33).

Dated this 9th day of January, 2026.

_____
Honorable Sharad H. Desai
United States District Judge