TIMOTHY COURCHAINE
United States Attorney
District of Arizona
RYAN MCCARTHY
Assistant U.S. Attorney
Arizona State Bar No. 029804
MADELINE SHUPE
Assistant U.S. Attorney
Arizona State Bar No. 038972
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Ryan.McCarthy@usdoj.gov
Email: Madeline.Shupe@usdoj.gov
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | Case No. CR-25-01394-PHX-SHD |
| Plaintiff, | |
| vs. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| Jesus Antonio Burgos-Lopez, | |
| Defendant. | |

The Government respectfully submits its Sentencing Memorandum and requests that this Court sentence Defendant to six months of imprisonment followed by one year of supervised release for the reasons explained below. The Presentence Investigation Report ("PSR") correctly calculates Defendant's guideline range at 4–10 months of imprisonment, based on a Total Offense Level of 8 and Criminal History Category II.

**I.  Sentencing Recommendation**

When sentencing the Defendant, the Court must consider all the factors set forth in 18 U.S.C. § 3553(a). *See United States v. Carty*, 520 F.3d. 984, 991 (9th Cir. 2008). A six-month sentence of imprisonment is sufficient but not greater than necessary to achieve the purposes of sentencing.

The nature and circumstances of the offense and the Defendant's history and characteristics support a six-month sentence. *See* 18 U.S.C. § 3553(a)(1). Defendant has lived and worked in the United States since he was a child. His parents, siblings, and wife live in Mesa, Arizona. His deep connection to the United States provides a strong incentive for Defendant to unlawfully return.

Due to this connection to the U.S., Defendant has consistently ignored our immigration laws. Defendant was granted a voluntary return in 2019. He returned to the U.S. and was ordered removed on September 24, 2020. He was subsequently expelled to Mexico on five occasions between 2020 and 2021. He returned to the United States in March of 2021 and has been living in Mesa, Arizona since his arrest for the instant offense on September 27, 2025. A sentence higher than time served, therefore, is needed to promote respect for the law and afford adequate deterrence. *See* 18 U.S.C. § 3553(a)(2)(A)–(D).

Defendant was convicted of three misdemeanors between 2016 and 2018. All three count toward calculating his criminal history category. U.S.S.G. § 4A1.1. While those convictions were 7–10 years from the defendant's found in date, they were only a couple years before the commencement of the instant offense, i.e., when defendant illegally crossed the border in March of 2021.

The recommended sentence would also avoid sentencing disparities between similarly situated defendants. *See* 18 U.S.C. § 3553(a)(6). The Defendant proceeded to trial in this case. He is therefore not similarly situated to defendants who admitted guilt and accepted a plea agreement. Under the plea offer proposed by the government, and rejected by the defendant, the defendant likely would have been sentenced to the four-month cap common in the Government's fast track plea offers for this offense. If the defendant is granted a time-served sentence, he will have only served one additional month. A six-month sentence more accurately considers Defendant's decision to proceed to trial without unduly punishing him for holding the Government to its burden of proof.

//

//

## II. Conclusion

For the reasons set forth above, the Government respectfully requests the Court impose a sentence of six months' imprisonment followed by a one-year term of supervised release.

Respectfully submitted this 26th day of February 2026.

>TIMOTHY COURCHAINE
>United States Attorney
>District of Arizona
>
>*/s/ Madeline Shupe*
>MADELINE SHUPE
>Assistant U.S. Attorney